UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEAD SPORT GMBH,<br><br>                    Plaintiff,<br><br>  -against-<br><br>UP TOWN SPORT INC., et al.,<br><br>                    Defendants. | 23-CV-10172 (LAK) (RFT)<br><br>**ORDER** |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

Plaintiff timely served Defendant Up Town Sport Inc. ("Up Town") with the summons and complaint in this case on December 5, 2023. (See ECF 12.) Up Town's response to the complaint was due on December 26, 2023, but no counsel has appeared on behalf of Up Town. I repeatedly reminded Up Town that, because it is not a natural person, it is not permitted to litigate pro se. On May 21, 2024, I issued an Order requiring Plaintiff to begin the process of seeking a default judgment against Up Town for failure to defend this action. (ECF 54.) On May 30, 2024, Plaintiff filed a proposed Certificate of Default as to Up Town Sport (ECF 61), which Certificate was entered (ECF 63). Plaintiff has not taken any further steps to obtain a default judgment against Up Town.

It is ORDERED that:

1.      Request for a Default Judgment. No later than **August 1, 2024,** Plaintiff shall file a proposed default judgment against Up Town.

2.      Proposed Findings of Fact and Conclusions of Law. No later than **August 1, 2024,** Plaintiff shall file its Proposed Findings of Fact and Conclusions of Law, setting forth all damages and other monetary relief permitted in connection with a default judgment against Up Town. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that

succinctly summarizes the exact dollar amount of the damages (or other monetary relief) sought, as well as the precise terms of any non-monetary relief sought from Up Town.

3. <u>Damages</u>. Plaintiff must provide evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Consequently, if Plaintiff seeks actual (as opposed to statutory or nominal) damages, the Proposed Findings of Fact must be supported by one or more declarations or affidavits, which may attach and authenticate any documentary evidence needed to establish the proposed damages. All evidence submitted in support of Plaintiff's request for damages or other relief must be in admissible form. Each proposed finding of fact shall be followed by a citation to the paragraph of the declaration and/or page of documentary evidence that supports each such proposed finding. In addition, the Proposed Findings of Fact should demonstrate how Plaintiff has arrived at the proposed damages figure and should specifically tie the proposed damages to its legal claim(s) against Up Town.

4. <u>Jurisdiction</u>. Before a judgment can be entered and damages or other relief can be awarded, the Court must be satisfied that it has personal jurisdiction over Up Town. *See Sheldon v. Plot Commerce*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), report and recommendation adopted, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, No. 09-cv-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, No. 09-cv-576 (NGG) (ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [the

defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), report and recommendation adopted, 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). The Court must also be satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction."). Plaintiff is advised that failure to adequately establish service to Up Town may result in denial of Plaintiff's request for a default judgment against Up Town.

5.  <u>Liability</u>. The Court must also be satisfied that the well pleaded allegations contained in the Complaint are sufficient to state a claim against Up Town. *See Sheldon*, 2016 WL 5107072, at * 5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on Plaintiff' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."). The Proposed Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the Complaint, that those allegations are sufficient to establish Up Town's liability for each cause of action asserted against it.

6.  <u>Attorneys' Fees</u>. Any request for attorneys' fees must be supported by contemporaneous time records authenticated by counsel and showing, for each attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged (if

applicable), and the nature of the work performed. Plaintiff must also submit admissible evidence identifying each attorney or other timekeeper and describing his or her background and qualifications, as well as evidence documenting Plaintiff's costs and expenses.

7. <u>Service</u>. Prior to filing, Plaintiff shall serve Up Town by mail at its last known address with Plaintiff's Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. By **August 1, 2024**, Plaintiff shall file proof of such service along with its Proposed Findings of Fact and Conclusions of Law and supporting documents. *See* Local Civil Rule 55.2(c) ("[A]ll papers submitted to the Court pursuant to Local Civil Rule 55.2(a) or (b)" must be "mailed to the party against whom a default judgment is sought," and proof of such mailing "shall be filed with the Court.").

8. <u>Opposition</u>. No later than **August 15, 2024**, Up Town shall serve upon Plaintiff and file with the Court its opposition and responses, if any, to Plaintiff's application for a default judgment.

9. <u>Reply</u>. No later than **August 22, 2024**, Plaintiff shall file its reply in further support of its application for a default judgment.

10. <u>Written Submissions</u>. The Court hereby notifies the parties that it may resolve the motion and related inquest based solely upon the written submissions of the parties. *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991) ("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient basis from which to evaluate the fairness of the . . . sum" without the need for a separate hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y. 2012) (adopting magistrate judge's report and recommendation on damages, issued after referral for inquest into damages following

default judgment against the defendant, without an evidentiary hearing). To the extent any party seeks an evidentiary hearing on the issue of damages or other monetary relief, such party must set forth in its submission the reason why the default judgment motion and inquest should not be conducted based upon the written submissions alone, including a description of what witnesses would be called to testify at a hearing, and the nature of the evidence that would be submitted.

DATED: July 3, 2024
      New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
United States Magistrate Judge