```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __8/2/24__
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

HEAD SPORT GMBH,

              Plaintiff,

v.

UP TOWN SPORT INC. and
JENNY SPRIZZO,

              Defendants.

Case No. 23-cv-10172-LAK-RFT

~~[PROPOSED]~~
**FINAL DEFAULT JUDGMENT AND**
**PERMANENT INJUNCTION ORDER**

      This matter comes before the Court by motion filed by Plaintiff Head Sport GmbH ("Head") for the entry of final judgment and permanent injunction by default against Defendant Up Town Sport Inc. ("Defendant") for its trademark counterfeiting, trademark infringement, trademark dilution, unfair competition, breach of contract, and related state and common law claims arising out of Defendant's unauthorized use of Head's HEAD trademark and Ski Tip Logo (the "HEAD Marks") in Defendant's manufacturing, importing, advertising, marketing, promotion, distribution, display, offering for sale and/or selling and/or sale of apparel after the termination of a trademark license agreement between Head and Defendant.

      The Court, having considered the Memorandum of Law in support of Plaintiff's Motion for Default Judgment and Permanent Injunction, the Affidavit of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.  Defendant's Liability

1) Judgement is granted in favor of Head on all claims pled against Defendant in the Complaint;

## II.  Damages Awards

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because Head has sufficiently set forth the basis for the breach of contract damages award requested in the Motion for Default Judgment, the Court finds such an award to be reasonable and Head is awarded monetary damages in the amount of $427,000 against Defendant;

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Head has sufficiently set forth the basis for the statutory damages award requested in its Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiff is awarded statutory damages in the amount of $4,000,000 against Defendant pursuant to 15 U.S.C. § 1117(c) of the Lanham Act;

3) ~~IT IS FURTHER ORDERED, ADJUDGED AND DECREED that until Head has recovered full payment of monies owed to it by Defendant, Head shall have ongoing authority to serve this Order on any banks, savings and loan institutions, investment institutions, payment processors or service providers (such as PayPal and Venmo), or other financial institutions (the "Financial Services Providers"). Upon receipt of this Order, the Financial Service Providers shall immediately locate and restrain any accounts connected to Defendant, and any funds in such accounts shall be transferred to Head within ten (10) days of receipt of this Order.~~

2

### III. Permanent Injunction

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendant, its ~~respective~~ officers, agents, servants, ~~representatives~~, employees, and attorneys, ~~present and future owners, principals, members, officers, directors, parents, successors, affiliates, subsidiaries, related companies, transferees, assigns, alter egos, others in privity with any of them,~~ and ~~or all~~ other persons ~~acting~~ in active ~~concert~~ or participation with any of them ~~with or under the direction of any of them, including Hunter Rolling Fashion, Inc. and those acting on its behalf~~, who receive actual notice of this Order by personal service or otherwise, are ~~are~~ permanently enjoined and restrained from:

   a. Using the HEAD Marks in any form, including with any other wording or designs, in connection with manufacturing, distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale of any products or services, including apparel products;

   b. Distributing, delivering, shipping, importing, exporting, advertising, marketing, promoting, selling or offering for sale, giving away, and/or otherwise dealing in any inventory remaining after the termination of the license agreement between Head and Defendant bearing the HEAD Marks;

   c. Directly or indirectly infringing in any manner Head's HEAD Marks including doing any acts or things calculated or likely to cause confusion or mistake in the mind of the public or to lead purchasers, consumers, or others to believe that Defendant's products or services come from Head or that Defendant or any product or services offered by Defendant is somehow licensed, sponsored, endorsed, or authorized by, or otherwise affiliated or connected with, Head;

3

    d. Concealing, warehousing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with infringing or counterfeit products bearing the HEAD Marks;

    e. Effecting assignments or transfers, forming new entities or associations, or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of infringing or counterfeit products bearing the HEAD Marks for purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order;

    f. Representing by any means whatsoever, directly or indirectly, that Defendant, any products or services offered by Defendant, or any activities undertaken by Defendant, are associated or connected in any way with Head or sponsored by or affiliated with Head in any way; and

    g. Assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs (a) through (f) above.

2) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defendant and ~~its~~ each of those persons described in the initial paragraph of Clause 1) hereof ~~respective officers, agents, representatives, employees, present and future owners,~~ principals, members, ~~officers,~~ directors, parents, ~~successors,~~ affiliates, subsidiaries, related companies, ~~transferees, assigns,~~ alter egos, ~~others in~~ privity with any of them, ~~and/or all persons acting in concert with or under the direction of any of them, including Hunter Rolling Fashion, Inc. and those acting on its behalf, must~~ shall forthwith deliver up to Head any and all infringing or counterfeit products and any and all packaging, labels, tags, advertising and promotional materials, and any other materials in ~~the~~ such person's possession, custody,

4

or control ~~of Defendant and/or Hunter Rolling Fashion, Inc.~~ bearing the HEAD Marks, pursuant to 15 U.S.C. § 1118.

### IV. Miscellaneous Relief

1) ~~Any failure by Defendant or its respective officers, agents, servants, employees, and all persons acting in concert with or under the direction of Defendant (regardless of whether located in the United States or abroad), including Hunter Rolling Fashion, Inc. and those acting on its behalf, to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defendant to contempt remedies to be determined by the Court, including fines and seizure of property;~~ /lk/

2) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order. *The Clerk shall close the case. /lk/*

**SO ORDERED.**

SIGNED this __2d__ day of __August__, 2024.

Issued at 11:57 a.m.

HON. LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE

5